UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

STEVEN MICHAEL WILLIAMS,

        Plaintiff,               6:13-cv-00944-TC

        v.                      FINDINGS AND
                                RECOMMENDATION

OREGON STATE HOSPITAL,
et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Marion County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that he was assaulted by another "inmate at the Oregon State Hospital psy ward." Complaint (#1) p. 3.

    By Order (#9) entered July 23, 2013, plaintiff's complaint was dismissed for failure to state a claim. Plaintiff was advised of the deficiencies of the complaint and

1 - FINDINGS AND RECOMMENDATION

allowed 30 days to file an amended complaint.

On July 25, 2013, plaintiff filed an amended complaint (#11). However, the amended complaint fails to cure the deficiencies that led to the dismissal of the original complaint.

> The court's Order (#9) advised plaintiff as follows:
>
> In this case although the "Oregon State Hospital" is listed as the defendant in the caption of the complaint, the only individually named defendant is "David Straiten" who is alleged to be an "inmate at the Oregon State Hospital psy ward." Complaint (#1) p. 3.
>
> In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of his constitutional rights by a person acting under the "color of state law." Gibson v. U.S., 781 F.2d 1334, 1338 (9th Cir. 1996). The conduct of a private individual such as Mr. Straiten does not constitute "state action" for purposes of liability under § 1983.
>
> If plaintiff seeks to hold the "Oregon State Hospital" liable as a defendant, his claim fails on grounds of Eleventh Amendment immunity.
>
> Ordinarily an isolated or random incident of prison (or hospital "psy ward") violence does not give rise to a claim for failure to protect. Thus, if plaintiff seeks to hold individuals employed at the Oregon State Hospital liable he must allege that the individuals had some sort of advance notice of a threat to plaintiff. See, Redman v. County of San Diego, 942 F.2d 1435 (9th Cir. 1991); Leer v. Murphy, 844 F.2d 628 (9th Cir. 1998); Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986).
>
> The baseline for analyzing a claim by an inmate under the Eight Amendment for failing to protect against an attack by another inmate is set forth in Farmer v. Brennan, 511 U.S. 825 (1994) as the functional equivalent of criminal recklessness.

>     Thus in order to state a claim against any employee or officer at the Oregon State Hospital, plaintiff would have to allege facts that established such employee or officer knew of and disregarded an excessive risk to plaintiff's health and safety. *Farmer v. Brennan, supra.*

Order (#9) p. 1-4.

Plaintiff's amended complaint names Greg Roberts, Director of the Oregon State Hospital as the sole defendant.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. <u>Ashcroft v. Iqbab</u>, 129 S.Ct. 1937 (2009).

It is well settled that <u>respondeat superior</u> is not a proper basis for liability under 42 U.S.C. § 1983. <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 691-694 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 375-76 (1976); <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. <u>See</u>, <u>Boddie v. Coughlin</u>, 583 F. Supp. 352, 356 (S.D.N.Y. 1984); <u>Tunnell v. Office of Public Defender</u>, 583 F. Supp. 762, 767 (E.D. Pa. 1984); <u>Black v. Delbello</u>, 575 F. Supp. 28, 30 (S.D.N.Y. 1983); <u>Knipp v. Winkle</u>, 405 F. Supp. 782, 783 (N.D. Ohio 1974). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there

3 - FINDINGS AND RECOMMENDATION

is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987); see also, Jane Doe A v. Special School District, 901 F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that

4 - FINDINGS AND RECOMMENDATION

they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury.").

Plaintiff has not alleged any facts that would subject Mr. Roberts to liability under these principles.

In addition, plaintiff's amended complaint does not allege any facts that would establish that the assault he complains of was anything more than an "isolated or random incidence" of violence. Plaintiff has not alleged any facts that would establish "criminal recklessness" or that any Oregon State Hospital employee or officer knew of and disregarded an excessive risk to plaintiff's health and safety. Therefore plaintiff's complaint fails to state a claim as a factual matter.

Based on all of the foregoing, plaintiff's Amended Complaint (#11) should be dismissed. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

5 - FINDINGS AND RECOMMENDATION

court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

***Any appeal from an Order adopting this Findings and Recommendation or Judgment dismissing this action would be frivolous and not taken in good faith.***

DATED this 2 day of August, 2013.

                                          Thomas M. Coffin
                                          United States Magistrate Judge